IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY ROSS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **04-696-DRH** |
| ) | |
| **ROGER E. WALKER, JR., et al.,** ) | |
| ) | |
| Defendants. ) | |

# ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion for an extension of time to respond to defendants Snyder, Walls and Walker's motion to dismiss the complaint. **(Doc. 24).** The Court also construes plaintiff's motion as seeking appointment of counsel.

Insofar as plaintiff has requested the appointment of counsel, it must be understood that there is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. *Jackson v. County of McLean*, **953 F.2d 1070, 1071 (7th Cir. 1992);** *see also* **28 U.S.C. § 1915(d).** Nevertheless, the Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a twelve-month period. **Local Rule 83.1(i).** The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas,* **990 F.2d 319, 322 (7th Cir. 1993)**; *see also Greeno v. Daley*, **414 F.3d 645, 658(7th Cir. 2005)**.

Plaintiff has not demonstrated that he has made any attempts to retain counsel and has not

shown that he was effectively precluded from making a diligent effort in this regard.  Moreover, the facts and issues in this case are not so complex that plaintiff cannot adequately present his case without counsel, particularly now that he has been released from prison. Therefore, counsel is not warranted at this juncture, but the Court will reconsider appointing counsel as this case progresses.

In any event, a brief extension of time to respond to the defendants' motion to dismiss is warranted.

**IT IS THEREFORE ORDERED** that plaintiff's motion for an extension of time and for appointment of counsel **(Doc. 24)** is **GRANTED IN PART AND DENIED IN PART**.  More specifically, counsel will not be appointed to represent plaintiff, but an extension of time will be granted.  Any response to defendants Snyder, Walls and Walker's motion to dismiss the complaint that plaintiff may desire to file must be filed on or before **July 31, 2006**.  No further extensions will be granted.

**IT IS SO ORDERED.**

**DATED: July 20, 2006**

s/ Clifford J. Proud  
**CLIFFORD J. PROUD**  
**U. S. MAGISTRATE JUDGE**