IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TIMOTHY ROSS,**

**Plaintiff,**

**v.**

**ROGER E. WALKER, JR., et al.,**

**Defendants.**                                                                 **No. 04-0696-DRH**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff states that between April 2001 and June 2004, Defendants conspired to retaliate against Plaintiff for being a party to a lawsuit against the Illinois Department of Corrections. Plaintiff states that Defendants denied restoration of good time credit to which he was entitled, gave him a "red high security" I.D., and denied transfer from Menard to a lower-security facility, all in retaliation for the lawsuit. When Plaintiff filed grievances about the denials, they were denied, ignored, or lost. Plaintiff further states that he received especially "stern" parole conditions as part of the retaliatory conspiracy.

Pursuant to **28 U.S.C. § 636(b)(1)(B)**, Magistrate Clifford J. Proud submitted a Report and Recommendation ("the Report") on August 2, 2006 (Doc.

44). The Report recommends that the Court grant in part and deny in part Defendants' motions to dismiss (Docs. 20 & 25).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. To date, Defendants filed objections to the Report (Doc. 45). Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); Govas v. Chalmers, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **Willis v. Caterpillar Inc., 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. **Id.**

## II. Motion to Dismiss

The standard governing motions to dismiss is well-established. The allegations of the complaint, and all reasonable inferences therefrom, are taken as true, and the question is whether -- under those assumptions -- the plaintiff would have a right to legal relief. **Baker v. Westinghouse Elec. Co., 70 F.3d 951, 954 (7th Cir. 1995) (citing Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986))**. A plaintiff need not set out in detail all facts upon which a claim is based, but the complaint must allege sufficient facts to outline a cause of action. **McKay v. Town & Country Cadillac, Inc., 991 F.**

**Supp. 966, 969 (N.D. Ill. 1997).  Accord Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1998)**.  Further, the complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory." **McKay at 969 (quoting Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Dev. Co., 758 F.2d 203, 207 (7th Cir. 1985))**.  A plaintiff can plead conclusions, but the conclusions "must provide the defendant with at least minimal notice of the claim." **Kyle at 455 (quoting Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995))**.  The Court is *not* required to accept as true legal conclusions alleged or inferred from pleaded facts.  **McKay at 969 (citing Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 730 (7th Cir. 1994))**.

It is significant to note that Plaintiff is proceeding *pro se* herein.  The pleadings of *pro se* litigants should not be held to the same stringent standards as pleadings drafted by formally trained lawyers; instead they must be liberally construed.  **See Kyle II v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999)(citing Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 378 (7th Cir. 1988)(pro se complaints/pleadings are to be liberally construed.))  See also Cruz v. Beto, 405 U.S. 319, 322 (1972)**.

### III.  Analysis

Defendants object to the portions of the Report that recommend denying the motions as to the First Amendment retaliation claims and denying the motions

as to qualified immunity. Specifically, Defendants maintain that ***Heck v. Humphrey*, 512 U.S. 477 (1994)** bars Plaintiff's First Amendment claim since Plaintiff has not challenged the underlying disciplinary actions and that they are entitled to qualified immunity as they have not violated a clearly established constitutional right.

In ***Heck,* 512 U.S. at 486-87**, the Supreme Court held that a convicted criminal may not bring a civil suit questioning the validity of his conviction until he has gotten the conviction set aside. ***See* 512 U.S. at 486-87**. The ***Heck*** court held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." ***Id.* at 486-87**. The Seventh Circuit has clarified that the test under ***Heck*** bars a prisoner's § 1983 claim if his allegations are inconsistent with the validity of his conviction. ***Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)**. The theoretical possibility of a judgment for the plaintiff based on findings that do not call his conviction into question is irrelevant if the plaintiff's own allegations foreclose that possibility. See ***Id.*** Thus, if a plaintiff files suit under § 1983 for damages in which he is essentially challenging the validity of his criminal conviction, the suit must be dismissed unless the conviction has been invalidated in some manner. ***See Gauger v. Hendle*, 349 F.3d 354, 362 (7th Cir. 2003)**.

***Edwards v. Balisok*, 520 U.S. 641, 646 (1997)** extended ***Heck*** to bar

claims that, if established, would necessarily imply the invalidity of a disciplinary conviction that was the basis for a deprivation of a prisoner's good time credits. **See also De Walt v. Carter, 224 F.3d 607, 617 (7th Cir. 2000).** **Heck** has been construed to apply to prison administrative rulings and discipline in general. **Miller v. Indiana Department of Corrections, 75 F.3d 330, 331 (7th Cir. 1996)**.

Here, the Court agrees with the Report that **Heck** is inapplicable to Plaintiff's First Amendment retaliation claims. Based on the allegations of the complaint it does not appear that Plaintiff is attacking the underlying disciplinary action and/or convictions. Plaintiff's allegations suggest that he is claiming that Defendants retaliated against him for him being a party to a lawsuit against the Illinois Department of Corrections. Thus, the Court denies Defendants' objection to the Report based on **Heck**.

Next, Defendants object to the Report arguing that they are entitled to qualified immunity. "A defendant raising a claim of immunity is not directly attacking the merits of a plaintiff's claim. Instead, she is making the more modest assertion, that in the circumstances presented, the price of public employment should not include liability for civil damages when the law is not clearly established." **Markham v. White, 172 F.3d 486, 491 (7th Cir. 1999)**. In 2001, the Supreme Court in **Saucier v. Katz, 533 U.S. 194 (2001)** identified what trial courts are required to consider in determining the qualified immunity issue:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in

> light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? . . . [I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. . . .
> . . . The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing would violate that right.  The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Id.* **at 201** (citations omitted).  To determine whether the right allegedly violated was clearly established, the Court cannot view the law in the abstract but must examine it "in relation to the specific facts confronting [defendants] when [they] acted." ***Colaizzi v. Walker*, 812 F.2d 304, 308 (7th Cir. 1987)**.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. ***See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002);** ***DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000);** ***Babcock v. White*, 102 F.3d 267 (7th Cir. 1996);** ***Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988)**.  Clearly, this right has been established for quite some time.  Thus, the Court denies Defendants' objection based on qualified immunity.

### IV.  Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 44). The Court **GRANTS in part** and **DENIES in part** Defendants' motions to dismiss

(Docs. 20 & 25).  The motions are **DENIED** as to Plaintiff's First Amendment retaliation claim.  The motions are **GRANTED** as to the claims against Defendants in their official capacities for money damages and Plaintiff's claims for mental or emotional damages.

**IT IS SO ORDERED.**

Signed this 28th day of November, 2006.

<u>/s/         David   RHerndon</u>
**United States District Judge**